# ">""
"

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TERIQUE JONES, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-cv-2461 (DMC) |
| MORRIS COUNTY CORRECTIONAL FACILITY, SHERIFF EDWARD V. ROCHFORD, CHIEF RALPH MCGRANE, WARDEN FRANK CORRENTE, JOHN DOES AND JANE ROES 1-10, WYZ, |  |
| Defendants. |  |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Defendants Sheriff Edward Rochford, Chief Ralph McGrane and Warden Frank Corrente (collectively "Defendants") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is converted to a motion for summary judgment pursuant to Rule 12(b) and subsequent proceedings will take place in accordance with the accompanying Order.

**I.    B<small>ACKGROUND</small>**

Plaintiff, for all times relevant to this action, was a detainee incarcerated at the Morris County Correctional Facility ("MCCF"). On June 23, 2006, Plaintiff filed an Amended Complaint against the prison facility, various administrative officials, and several unnamed defendants, seeking both

injunctive relief and damages. Plaintiff alleges that Defendants interfered with his mail, denied him his right to make telephone calls to his attorney and strip searched him in violation of his Fourth, Fifth, Sixth and Eighth Amendment rights. While incarcerated, Plaintiff filed grievances with the MCCF on April 17, 2006 regarding the prison's mail procedures. Plaintiff attached a copy of the grievances to the Complaint. There is no indication that Plaintiff filed any grievances regarding the pre-hearing detention strip searches.

On August 28, 2006, this Court entered a sua sponte order dismissing Plaintiff's claims except those relating to the strip searches and mail procedures. In this motion Defendants challenge Plaintiff's Complaint on the grounds that Jones failed to exhaust his administrative remedies required under the Prison Litigation Reform Act ("PLRA"). Specifically, Defendants contend that Jones' Complaint should be dismissed because he failed to exhaust his administrative remedies, as required under the PLRA. Attached to Defendants' Rule 12(b)(6) motion is a Certification by Warden Frank Corrente, in which the Warden of MCCF delineates the prison grievance procedures, including the internal appeals process. Attached to the certification are the three grievances Jones attached to the Complaint, as well as the responses to each grievance by various prison officials. Warden Corrente asserts that "[t]here is no record of plaintiff having appealed the denials of his grievances to the Grievance Committee," and concludes on those facts that Jones failed to exhaust his grievance procedures with regard to the current causes of action before this Court. Corrente Cert. ¶7. Plaintiff has filed no response to Defendants' motion to dismiss.

**II.    DISCUSSION**

    **A.    Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all

allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Ordinarily, a 12(b)(6) motion must be decided only upon the allegations set forth in the complaint, without considering any outside documents or available facts.  If on a 12(b)(6) motion to dismiss, a party "presents matters outside the pleadings, the district court must convert the motion to dismiss into a motion for summary judgment, and give all parties a reasonable opportunity to present all material pertinent to such a motion under Rule 56."  In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002).  In deciding a 12(b)(6) motion to dismiss, the district court may only consider the complaint and limited categories of documents in order to "protect plaintiffs against, in effect, summary judgment by ambush."  Id. (citing Bostic v. AT & T of the Virgin Islands, 166 F. Supp. 2d 350, 354-55 (D.V.I. 2001)).  However, conversion to a motion for summary judgment is not required when a district court considers the following documents: (1) matters attached to the complaint; (2) matters incorporated into the pleadings by reference; (3) matters of public record; (4) matters integral to or upon which plaintiff's claim is based."  In re Bayside, 190 F. Supp. 2d at 760 (internal citations omitted).  The Third Circuit allows district courts to consider such documents because "neither party can claim prejudice or surprise by the court's reliance on the document." Id.

In addition, this Court is cognizant of the leniency given to *pro se* litigants.  See Haines v.

Kerner, 404 U.S. 519 (1972); U.S. v. Albinson, 356 F.3d 278 (3d Cir. 2004).  However, even with a more lenient reading of Plaintiff's Complaint, it is apparent on its face that no relief may be granted.

### B. PLRA Requirements

The PLRA requires prisoners to exhaust available administrative remedies prior to asserting a claim in federal courts pursuant to 42 U.S.C. § 1983.  See 42 U.S.C. § 1997e(a); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 1999).  Failure to exhaust administrative remedies is an affirmative defense for which Defendants bear the burden of production and persuasion.  Jones v. Bock, ___ U.S. ___, 127 S.Ct 910, 921 (2007); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

In cases regarding PLRA exhaustion, the Third Circuit has been clear that certifications of the sort presented by Warden Corrente are outside the scope of matters relevant to deciding a motion to dismiss.  See Camp v. Brennan 219 F.3d 279, 280 (3d Cir. 2000) (holding that district court's reliance on declaration of prison official converted motion to dismiss to one for summary judgment).  The Third Circuit has explicitly stated that "[r]eliance on declarations from prison officials requires conversion."  Hemingway v. Falor, 200 Fed. Appx. 86, 90 (3d Cir. 2006).  In this case, Defendants ask the Court to consider and rely upon the Corrente Certification in granting the Rule 12 motion to dismiss.  As made clear by the Third Circuit, this Court may not grant Defendants' motion to dismiss without converting the motion to one for summary judgment.

### C. Conversion to Summary Judgment

When converting a 12(b)(6) motion to one for summary judgment, "all parties must be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R.

Civ. P. 12(b). Converting the current motion to dismiss into a motion for summary judgment without allowing Plaintiff further opportunity to respond with additional facts would subvert the policy against "summary judgment by ambush." <u>Bayside</u>, 190 F. Supp. 2d at 760. It is reversible error for this Court to convert a 12(b)(6) or a 12(c) motion into a motion for summary judgment without sufficient notice to the parties. <u>See</u> <u>Castle v. Cohen</u>, 840 F.2d 173, 179-80 (3d Cir.1988); <u>Davis Elliott Int'l, Inc. v. Pan Am. Container Corp.</u>, 705 F.2d 705, 706-08 (3d Cir.1983); <u>Crown Cent. Petrol. Corp. v. Waldman</u>, 634 F.2d 127, 129 (3d Cir.1980). As such, this Court and the parties must follow the requirements of Rule 56(c)-(g) in order to fairly give Plaintiff the opportunity to respond to Defendants' brief and to file affidavits of his own contesting their version of the facts.

Pursuant to the requirements of 12(b), this Court will convert Defendant's 12(b)(6) motion to dismiss into a motion for summary judgement pursuant to Rule 56. Further, in accordance with Rule 12, all parties are granted an opportunity to respond and "present all material made pertinent to such a motion by Rule 56." <u>Davis Elliott Int'l, Inc.</u>, 705 F.2d at 707 (citing Fed. R. Civ. P. 12(b)).

### III.  CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is converted to a motion for summary judgment pursuant to Rule 12(b). An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: April  13 , 2007
Orig.: Clerk
cc: Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File