NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TERIQUE JONES, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 06-cv-2461 (DMC) |
| | : | |
| MORRIS COUNTY CORRECTIONAL | : | |
| FACILITY, SHERIFF EDWARD V. | : | |
| ROCHFORD, CHIEF RALPH | : | |
| MCGRANE, WARDEN FRANK | : | |
| CORRENTE, JOHN DOES AND JANE | : | |
| ROES 1-10, WYZ, | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Sheriff Edward Rochford, Chief Ralph McGrane and Warden Frank Corrente (collectively "Defendants") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to Rule 12(b), this Court converted Defendants' motion to a motion for summary judgment. Pursuant to Rule 78 no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that summary judgment in favor of Defendants is **granted**.

I.    **BACKGROUND**

A.    **Factual Background**

Plaintiff, for all times relevant to this action, was a detainee incarcerated at the Morris County Correctional Facility ("MCCF"). On June 23, 2006, Plaintiff filed an Amended Complaint against the prison facility, various administrative officials, and several unnamed defendants, seeking both

injunctive relief and damages.  Plaintiff alleges that Defendants interfered with his mail, denied him his right to make telephone calls to his attorney and strip searched him in violation of his Fourth, Fifth, Sixth and Eighth Amendment rights.  While incarcerated, Plaintiff filed grievances with the MCCF on April 17, 2006, May 31, 2006 and August 8, 2006 requesting permission to make a legal phone call, complaining that his mail was being held and requesting assistance in the prison law library.  Each of these grievances were either denied or resolved.  See Certification of Warden Frank Corrente ("Corrente Certif.") ¶7.  Plaintiff attached a copy of the grievances to the Complaint.  However, as explained below, Plaintiff failed to comply with the MCCF grievance system.

MCCF provides a three-tiered grievance procedure system that permits inmates to initiate grievances and provides administrative review of such grievances.  Corrente Certif. ¶3.  First, the inmate is required to fill out and submit the appropriate grievance form.  Corrente Certif. ¶4.  The grievance form is then reviewed by the Grievance Coordinator and directed to the proper facility personnel for a written response.  Corrente Certif. ¶4.  Next, if there is an adverse decision, inmates may appeal the decision to a five-member Grievance Committee.  Corrente Certif. ¶5; see also Sections 802 and 803 of MCCF Inmate Manual (Defs. Ex. A).  Finally, any determination of the Grievance Committee may be appealed to the Facility Administrator or the Administrator's Designee.  Corrente Certif. ¶5.

In this case, there is no indication that Plaintiff filed any grievances regarding the pre-hearing detention strip searches.  Additionally, there is no record of Plaintiff having appealed the denials of his grievances to the Grievance Committee.  Corrente Certif. ¶7.

**B.    Procedural Background**

On August 28, 2006, this Court entered a sua sponte order dismissing Plaintiff's claims

except those relating to the strip searches and mail procedures.  On October 13, 2006, Defendants filed a Rule 12(b)(6) motion to dismiss the remainder of Plaintiff's Complaint, arguing that Jones failed to exhaust his administrative remedies required under the Prison Litigation Reform Act ("PLRA").  Specifically, Defendants contend that Jones' Complaint should be dismissed because he failed to exhaust his administrative remedies, as required under the PLRA.  Defendants attached a Certification by Warden Frank Corrente to their Rule 12(b)(6) motion to dismiss, in which the Warden of MCCF delineates the prison grievance procedures, including the internal appeals process. Attached to the certification are the three grievances Jones attached to the Complaint, as well as the responses to each grievance by various prison officials.  Warden Corrente asserts that "[t]here is no record of plaintiff having appealed the denials of his grievances to the Grievance Committee," and concludes on those facts that Jones failed to exhaust his grievance procedures with regard to the current causes of action before this Court.  Corrente Cert. ¶7.  Plaintiff filed no response to Defendants' motion to dismiss.

On April 13, 2007, this Court converted Defendants' motion to dismiss to a motion for summary judgment pursuant to Rule 12(b) because the motion relied on matters outside the pleadings.  Plaintiff was given notice of the conversion of the motion for summary judgment and an opportunity to respond.  Plaintiff has failed to respond within the ordered time period.

## II.    DISCUSSION

### A.    Standard of Review

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex

Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. Id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In addition, this Court is cognizant of the leniency given to *pro se* litigants. See Haines v. Kerner, 404 U.S. 519 (1972); U.S. v. Albinson, 356 F.3d 278 (3d Cir. 2004). However, even with a more lenient reading of Plaintiff's Complaint, it is apparent on its face that no relief may be granted.

### B.    PLRA Requirements

The PLRA requires prisoners to exhaust available administrative remedies prior to asserting a claim in federal courts pursuant to 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense for which Defendants bear the burden of production and persuasion. Jones v. Bock, ___ U.S. ___, 127 S.Ct 910, 921 (2007); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

First, Plaintiff's claim that he was strip-searched in violation of his constitutional rights fails under the PLRA. As set forth above, Plaintiff never sought any grievances regarding the strip searches. His grievances only related to the mail procedures, his request to make a legal phone call and his request for assistance in the legal library. Accordingly, Plaintiff did not seek or exhaust any

-4-

administrative remedies regarding this claim.

Second, Plaintiff's claims regarding interference with his mail must also be dismissed for failure to comply with the PLRA requirements. Specifically, Plaintiff did not exhaust all available administrative remedies because he never appealed his grievance denials.

## III.   CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' converted motion for summary judgment is **granted**. An appropriate Order accompanies this Opinion.


   S/ Dennis M. Cavanaugh     
Dennis M. Cavanaugh, U.S.D.J.

Date:      June ___8, 2007
Orig.:     Clerk
cc:       Counsel of Record
          The Honorable Mark Falk, U.S.M.J.
          File